UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAWRENCE HARVEY | DOCKET NO. 15-CV-2279; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| VICTOR JONES, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Pro se Plaintiff, Lawrence Harvey, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is a pretrial detainee at the Natchitoches Parish Detention Center. He complains that he was injured when he broke his leg in the recreation yard. Plaintiff names as defendants Sheriff Victor Jones, Warden Dean Dove, Nurse Clark, and Chief McFerrin.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff alleges that on July 14, 2015, he was playing basketball in the recreation yard. He ran after the ball, and did not see a "trench" at the end of the court. [Doc. #1, p.3] His foot was caught in the trench, and he fell, causing his leg to break. Plaintiff alleges that he has learned that another inmate broke his leg in the same way as Plaintiff, so the defendants knew of this hazard and failed to provide a safe place for inmates to play ball.

Plaintiff also complains that the defendants could not make up

their minds whether to call an ambulance or drive Plaintiff to hospital. He claims that he had to wait two hours to be transported to the hospital. He complains that he was not transported by ambulance, so every time they rolled over a speed bump, his leg moved, causing pain.

## Law and Analysis

It is unclear Plaintiff is a pretrial detainee and not a convicted prisoner. Convicted prisoners rights to constitutional essentials like medical care and safety are guaranteed by the Eighth Amendment, while pretrial detainees look to the procedural and substantive due process guarantees of the Fourteenth Amendment to ensure provision of these same basic needs. See Bell v. Wolfish, 441 U.S. 520 (1979). A pretrial detainee's due process rights are at least as great as the Eighth Amendment protections available to a convicted prisoner. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). The state owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement. See Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir.1996)(en banc).

Regardless of whether Plaintiff is a pretrial detainee or convicted inmate, he must show deliberate indifference by the defendants in failing to protect him from the harm caused by the

2

"trench" and failing to transport him to the hospital by ambulance.

Plaintiff complains that the defendants knew the trench posed a risk of harm because another inmate also broke his leg when running on the recreation yard. A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To "know of" a risk, an official must be subjectively aware of the risk to Plaintiff: that is, the official must both be aware of facts from which the inference could be drawn that Petitioner faces a substantial risk of serious harm, and he must also draw the inference. Farmer, 511 U.S. at 837; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). There are no allegations that these defendants knew that the "trench" on the recreation yard caused an excessive risk to this Plaintiff's health or safety.

In Atkins v. Sheriff's Jail Avovelles Parish, 278 Fed. Appx. 438 (5th Cir. 2008), the Fifth Circuit rejected an inmate's claims of deliberate indifference based on injuries he sustained in a fall after officials failed to repair leaks in pipes that caused puddles of water. The Fifth Circuit held that the actions attributed to jail officials amounted to nothing more than "unreasonableness or negligence, neither of which establishes an Eighth Amendment violation." Id. at 439; see also, Kennedy v. Sollie, 2007 WL 2561693 (S.D.Miss. 2007)(prisoner's claim for injuries to back

sustained as result of slip-and-fall in puddle of water on prison floor caused by officials' failure to repair leaky window amounted to nothing more than negligence).

Plaintiff does not allege that the defendants had any subjective intent to cause him harm. Plaintiff has failed to allege that anyone was deliberately indifferent toward him. At most, if the trench should not have been next to the basketball area, this would amount to negligence. See e.g., Noble v. Grimes, 350 Fed. Appx. 892, 893 (5th Cir. 2009)(unpublished per curiam )(prisoner's complaint for injuries to head sustained as result of slip and fall in standing water in prison shower area amounted to negligence at most and was insufficient to raise claim of deliberate indifference to substantial risk of serious harm, even though defendants were aware of standing water and failed to take preventive action). Negligence is not actionable under §1983.

As for Plaintiff's medical transportation claim, he also fails to allege deliberate indifference or resulting injury. A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted). Negligence, neglect, or medical

4

malpractice do not constitute deliberate indifference. See <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). Even "gross negligence" does not establish deliberate indifference. <u>Hernandez v. Tex. Dep't of Prot. and Reg. Servs.</u>, 380 F.3d 872, 882 (5th Cir. 2004). Plaintiff has not alleged deliberate indifference by the defendants. They did not refuse to treat him or ignore his complaints.

Plaintiff's claim that an ambulance should have been called, rather than transportation via prison van raises a disagreement with the course of treatment, which cannot support a claim of deliberate indifference. See <u>Banuelos v. McFarland</u>, 41 F.3d 232, 235 (5th Cir. 1995); <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). That the defendants had trouble deciding whether to call an ambulance or transport Plaintiff themselves does not present a claim of deliberate indifference.

To the extent he complains about the two-hour delay in getting to the hospital, his claim also fails. A delay in medical care can only result in a constitutional violation if there has been deliberate indifference that results in substantial harm. See <u>Easter v. Powell</u>, 467 F.3d 459, 463 (5th Cir. 2006). Plaintiff has not alleged deliberate indifference by the defendants, nor has he alleged that the two hour delay resulted in substantial harm.

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's

5

complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 16 day of November, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE